# United States Court of Appeals for the Fifth Circuit

No. 24-30677

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Donald Irving Hill, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-172-1

Before Smith, Dennis, and Richman, *Circuit Judges*.

Per Curiam:[*]

Donald Hill was convicted of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Hill, who has several predicate drug-trafficking felony convictions, contends that disarmament under § 922(g)(1) violates the Second Amendment facially and as applied.[1]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Hill's felony convictions include distribution of cocaine, distribution of counterfeit controlled substances, possession with intent to distribute oxycodone, and two convictions of attempted distribution of cocaine.

No. 24-30677

Hill acknowledges—and we agree—that his facial challenge to § 922(g)(1) is foreclosed by *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 U.S. LEXIS 2453 (U.S. June 23, 2025) (mem.).

The parties dispute whether Hill preserved his as-applied challenge. But *United States v. Kimble*, 142 F.4th 308 (5th Cir. 2025), forecloses Hill's claim even if *de novo* review applies. There we decided the "novel question" of "whether a predicate drug-trafficking felony . . . justifies permanent disarmament under (g)(1) even after the defendant has served his full sentence." *Id.* at 312. We answered that question in the affirmative, so Hill's as-applied claim is now squarely foreclosed: His "predicate convictions for drug trafficking convey that he belongs to a class of dangerous felons that our regulatory tradition permits legislatures to disarm." *Id.* at 318.

AFFIRMED.